**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220509-U

Order filed December 4, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0509 Circuit No. 20-CM-1924 |
| JOHNNY GONZALES, | ) ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Peterson and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The evidence presented was sufficient to prove defendant guilty beyond a reasonable doubt.

¶ 2     Defendant, Johnny Gonzales, appeals from his conviction for domestic battery. Defendant contends that the State failed to prove him guilty beyond a reasonable doubt, arguing that there was no evidence presented of physical contact of an insulting or provoking nature. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The State charged defendant with two counts of domestic battery (720 ILCS 5/12-3.2(a)(2), (b) (West 2020)). The charges stemmed from an October 5, 2020, incident where defendant was alleged to have made physical contact of an insulting or provoking nature about the head (count I) and body (count II) of Anna Giglio. A bench trial was held on May 12, 2022.

¶ 5     Giglio testified that, on October 5, 2020, she was in a relationship and living with defendant. That morning, defendant needed to "go put a bid on a job" so Giglio, defendant, and her granddaughter left the house. Giglio and defendant began arguing about who would drive. Giglio testified that she "was mad because how he was talking to [her]." She confirmed that defendant was also angry.

¶ 6     Giglio sat in the driver's seat and the vehicle would not start. Giglio indicated that defendant used a jump starter to start the vehicle. As defendant was returning the jump starter to the vehicle's hatch, Giglio began to drive. She confirmed that defendant was not in the vehicle when she started driving. She reversed and attempted to drive away from defendant. Defendant climbed into the hatch and through the vehicle to the driver's seat. The vehicle came to a sudden stop. Giglio indicated that she believed defendant shifted the vehicle into park but was unsure. She fled the vehicle, bleeding from the face. Giglio could not recall whether she "hit [her] face on the steering wheel or [she] was struck." Giglio testified that she routinely took antidepressants but had not taken her medication that day. She explained that failing to take the medication affected her mood, making her emotions erratic. However, failure to take her medication did not affect her memory.

¶ 7     Giglio testified that she called the police after she ran from the vehicle. Defendant had removed her granddaughter from the vehicle and driven off. She feared defendant would try to strike her with the vehicle. Giglio encountered officers as she was running. She provided both an

oral and written statement to police. Giglio was shown a copy of her written statement. She confirmed the statement was signed by her and provided on the day of the incident, October 5, 2020, at approximately 1:30 p.m., and that her memory of events was better at the time when she wrote it. Giglio wrote that defendant had been hitting her. She confirmed that she sustained an injury to her face and did not have any injuries prior to this incident.

¶ 8    University Park Officer Julio Garcia testified that on October 5, 2020, he was dispatched to a domestic disturbance call. En route to the address, he observed defendant driving Giglio's vehicle and stopped him. Defendant immediately exited the vehicle. He was upset and told Garcia that he had engaged in an altercation with Giglio. While speaking with defendant, Garcia observed Giglio walking down the street with her grandchild. Garcia indicated that Giglio was also upset. Giglio informed Garcia that she had been assaulted during an altercation with defendant. Garcia testified that Giglio's nose was bloody, and he observed swelling on her forehead. Defendant was highly agitated and cursed at Garcia as he was taken into custody. On cross-examination, Garcia testified that he had not witnessed any physical altercation. His knowledge of how Giglio's injuries occurred came from her statements to him.

¶ 9    The court found defendant guilty on count I for making physical contact of an insulting or provoking nature with Giglio's head. The court acquitted defendant of count II. Defendant was sentenced to 120 days in jail. Defendant filed a motion to reconsider, arguing that the evidence was insufficient to sustain his conviction. The motion to reconsider was denied. Defendant appealed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, defendant argues that the State failed to prove him guilty beyond a reasonable doubt of domestic battery where it failed to demonstrate that he knowingly or intentionally struck

Giglio about the head. Defendant contends that Giglio's inability to recall whether defendant struck her, and her written statement's lack of context and credibility rendered the evidence insufficient to sustain his conviction.

¶ 12    When reviewing the sufficiency of the evidence, the relevant inquiry is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is not the function of the reviewing court to retry defendant. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). "[A] reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of the evidence or the credibility of witnesses." *People v. Jackson*, 2020 IL 124112, ¶ 64. "All reasonable inferences from the evidence must be drawn in favor of the prosecution." *People v. Newton*, 2018 IL 122958, ¶ 24. "[I]n weighing evidence, the trier of fact is not required to disregard inferences which flow normally from the evidence before it, nor need it search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." *People v. Jackson*, 232 Ill. 2d 246, 281 (2009). A court's judgment will not be reversed "unless the evidence is so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of the defendant's guilt." *Newton*, 2018 IL 122958, ¶ 24.

¶ 13    Here, the evidence showed that defendant and Giglio had a disagreement about who would drive Giglio's vehicle. Both Giglio and defendant were angry. After defendant jump-started the vehicle, Giglio began to drive away. Defendant entered the hatch of the vehicle and climbed through to the front seat, at which time Giglio sustained injuries to her face. On the day of the incident, when her memory was better, Giglio provided a written statement to police that recounted that defendant struck her. She likewise told Garcia that she had been assaulted by defendant. After

4

the incident, she fled the vehicle in fear and called the police. After reviewing the evidence in the light most favorable to the State, we conclude the evidence was sufficient to sustain defendant's conviction for domestic battery.

¶ 14   In reaching this conclusion, we reject defendant's argument that Giglio's written statement lacks credibility and context. Defendant states that Giglio's erratic mental state affected the credibility of the statement she made to police. Mental health history can be a relevant factor in determining the credibility of a witness. *People v. Johnson*, 2023 IL App (2d) 210110, ¶ 30. However, here, Giglio described her emotional state as erratic but testified multiple times that her memory was unaffected by her failure to take her medication. Her overwrought emotions do not render her contemporaneous statements to police incredible. Additionally, nothing about her statement is contradicted by the evidence of her injuries or actions after the incident. Accordingly, the trial court's credibility determination regarding Giglio, and her contemporaneous statements were reasonable.

¶ 15   Further, defendant contends that testimony regarding the written statement included no context and could have been referencing a different date, time, or incident. However, Giglio testified that her statement was signed and dated. She testified that she provided the statement on October 5, 2020, at approximately 1:30 p.m. Considering Giglio's testimony that she called the police after fleeing the vehicle and provided both oral and written statements to them that same day, it is reasonable to infer that the subject of the written statement was the incident that she had contacted police about and had occurred that same morning.

¶ 16   Finally, defendant argues alternatively that the State failed to prove the contact was intentional or knowing, arguing that defendant may have been attempting to stop Giglio from driving recklessly or that her injury was caused by inadvertent contact. "Knowledge, as an element

of a criminal offense, is a question of fact for the trier of fact to decide." *People v. Monteleone*, 2018 IL App (2d) 170150, ¶ 26. Where the evidence demonstrates that defendant struck Giglio provoking her to flee from the vehicle in fear, it can be reasonably inferred that the contact was intentional or knowing.

¶ 17    Therefore, we find the evidence sufficient to sustain defendant's conviction for domestic battery.

¶ 18                                III. CONCLUSION

¶ 19    The judgment of the circuit court of Will County is affirmed.

¶ 20    Affirmed.